FILED

**NOT FOR PUBLICATION**

JAN 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY GANLEY, an individual, | No. 08-15909 |
| Plaintiff - Appellant, | DC No. 3:06-CV-06-3923 THE |
| v. | |
| COUNTY OF SAN MATEO, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, U.S. District Judge, Presiding

Argued and Submitted October 9, 2009
San Francisco, California

Before: WALLACE, THOMPSON, and THOMAS, Circuit Judges.

The district court correctly determined the County did not violate Ganley's

due process rights in removing her from her position as a correctional officer. *See*

*Mathews v. Eldridge,* 424 U.S.319, 334-35 (1976). At the meetings of June 6 and

June 21, 2005, Ganley was fully informed of the consequences of the medical

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

reports from the County's physician and from her treating physician, both of whom concluded she could not perform essential functions of her job. *See Bostean v. Los Angeles Unified School District,* 73 Cal.Rptr. 2d 523, 535-36 (1998). The County was not obligated to maintain Ganley's light duty position indefinitely. *Wellington v. Lyon County School District,* 187 F.3d 1150, 1155-56 (9th Cir. 1999). It is undisputed that the County gave Ganley notice of her removal from her position.

As for the County's obligation to give Ganley notice of her right to a hearing or appeal, Ganley lacks standing to assert a claim on that ground. She failed to allege any injury resulting from any lack of proper notice. Ganley (1) does not dispute the fact that she is permanently disabled and cannot perform the essential functions of a correctional officer, (2) was offered the opportunity to request reasonable accommodations pursuant to the Americans with Disabilities Act, (3) was offered vocational rehabilitation services, and (4) was offered assistance with finding another job within the County. Ganley chose to apply for disability retirement instead. Even if the County failed to give Ganley notice of her right to a hearing or an appeal, Ganley alleged no injury from the lack of any such notice. She, therefore, lacks standing to assert the claim she alleges. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

**AFFIRMED.**